DREW, Justice.
On conflicting medical evidence the deputy commissioner in his compensation order made the following findings:
“ * * * The undersigned Deputy Commissioner further finds based on the opinion of the psychiatrist selected by the employer-carrier to examine the claimant in March of 1964, that the claimant did in fact suffer a conversion reaction with chronic anxiety which was precipitated by the accident of October 1, 1963. I further find that Dr. Melvin Simonson treated the claimant over a three month period during the months of February, March and April, 1964, for anxiety symptoms, crying, anguish and despair, observing that the claimant tended to cry at the slightest provocation and was psychiatrically totally disabled from working during this period of treatment. Although it was Dr. Simonson’s opinion that the claimant was cured, the undersigned Deputy Commissioner believes the testimony of Dr. Michael Gilbert due to the fact that Dr. Gilbert had seen the claimant most recently and further that the Deputy Commissioner has himself observed the claimant and finds that his observations of the claimant being hesitant in speech, visibly physically shaken, crying easily and obviously upset coincide and are confirmed with the opinion of Dr. Gilbert. The undersigned Deputy Commissioner finds, based on Dr. Gilbert’s testimony that the claimant is presently psychiatrically totally disabled from working and in need of psychiatric treatment and that this disability and need of treatment is causally related to the accident of October 1, 1963, within reasonable medical probability.”
*858 On review the Full Commission vacated and set aside the deputy’s compensation award of temporary total disability basing its decision upon the following reasoning:
“An examination of the deputy commissioner’s Order reveals that it apparently is predicated upon the testimony of Dr. Michael Gilbert. We have carefully reviewed the testimony of Dr. Gilbert and it is our view that his testimony is not of the caliber which constitutes competent evidence within the meaning of that term. It is not logical that Dr. Gilbert, having examined claimant only one time and without discussing claimant’s condition with the treating physician, was in a position to evaluate the claimant’s psychiatric disability, if any. The Supreme Court has specifically held in Andrews v. C. B. S. Division, Maule Industries, Fla.1960, 118 So.2d 206, that an Order of the deputy must state reasons for a deputy’s reliance on one doctor against another doctor. In the instant case, we believe the deputy commissioner erred in relying on the testimony of one doctor over that of the treating physician when it is not logical that the doctor would be able to evaluate claimant’s disability merely by one examination.”
Contrary to the conclusions reached by the Full Commission, it is our view that the order of the deputy clearly satisfied the requirements of the Andrews case and similar cases. These cases require the deputy to explain his reasons for accepting the testimony of one qualified physician over the testimony of another in the case of clear conflict. Such explanation is essential on appellate review in determining whether the deputy’s findings are — as the law requires — supported by competent, substantial evidence, which comports with logic and reason. Here the deputy concluded, and we think properly, that, although Dr. Gilbert was not the treating physician, he had seen and examined the claimant subsequent to the time that Dr. Simonson had discharged him.[1] We conclude that, insofar as this question is concerned, the Full Commission erred in this-respect and that the deputy’s order should' be reinstated.
The Full Commission also reversed that portion of the deputy’s order requiring the employer to pay medical bills of Dr. Michael Gilbert. That part of their order is free from error.
Certiorari is granted, the order of the Full Commission here under review insofar as it reverses the finding of the deputy on the question of temporary total disability is quashed and that part reversing the deputy with reference to the payment of the fees of Dr. Gilbert is approved. The cause is remanded to the Full Commission with directions to reinstate all the compensation order of the deputy except that portion requiring the employer to pay the fees of Dr. Gilbert.
Claimant’s petition for attorney’s fees in this Court is granted and the amount thereof is hereby fixed at $350.00 to be paid by the employer.
It is so ordered.
THORNAL, C. J., ERVIN and HOB-SON (Ret.), JJ., and JOHNSON, District Court Judge, concur.

. At the hearing before the deputy commissioner in the latter part of June, 1964 Dr. Simonson testified that, when he discharged the claimant the previous April 27th “he was obviously better, depression had relieved, the anxiety was well under control and he was on a minimum amount of medication.” He also testified at that hearing that, within the realm of medical certainty, the claimant did not have any residual permanent disability as a result either of the on-job accident or of the pre-existing trauma. The deputy, from his observations of the claimant at the time of the June hearing found that the claimant was at that time hesitant in speech, visibly physically shaken, crying easily and obviously upset. This fact, the deputy said, negatived the conclusions of Dr. Simonson some sixty days before the hearing and rendered the conclusions of Dr. Gilbert more consonant with logic and reason.